## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

RANDY EDWARDS,                     )
                                   )
        Petitioner,                )
                                   )
v.                                 )          CV422-191
                                   )
VICTOR WALKER, Warden              )
                                   )
        Respondent.                )

## ORDER

*Pro se* petitioner Randy Edwards has filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254. *See* doc. 1. The Court proceeds to screen his Petition. *See* Rule 4, Rules Governing Section 2254 Cases. Edwards' Petition challenges his "2013-2014" conviction in the Superior Court of Floyd County, Georgia. *Id.* at 1. He alleges that his incarceration "is fueled by conspiracy, violations of oath by State judicial officials, constituting false arrest, false imprisonment under color of law, via misguided discretion, abuse of authority, [and] kidnapping to obstruct

justice." *Id.* at 5.   It is clear that this Court is not the proper forum for

Edwards Petition.[1]

Federal law allows § 2254 petitions to be filed in the district within

which the petitioner was convicted or in the district within which he is

confined.   28 U.S.C. § 2241(d); *Wright v. Indiana*, 263 F. App'x 794, 795

(11th Cir. 2008).   Edwards is incarcerated in Effingham County, Georgia.

*See* doc. 1 at 15.   Thus, this Court has jurisdiction over the petition.

Nevertheless, it is a longstanding judicial policy and practice to funnel

such petitions into the district within which the state prisoner was

convicted, since that will be the most convenient forum.   *Eagle v.*

*Linahan,* 279 F.3d 926, 933 n. 9 (11th Cir. 2001); *see also Mitchell v.*

*Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *Wright*, 263 F. App'x at

795.   That practice also fosters an equitable distribution of habeas cases

between the districts.   Floyd County, where Edwards was convicted, lies

in   the   Northern   District   of   Georgia.     *See*   28   U.S.C.   §   90(a)(3).

---

[1] The Clerk notified Edwards of his failure to either pay the Court's filing fee or move
to proceed *in forma pauperis*.   *See* doc. 3.   Payment of the filing fee is not
jurisdictional.   *See White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir 2020).   Since,
as discussed below, it is clear that this Court is not the proper venue for Edwards'
Petition, the transferee court is the proper place to resolve any issue with his filing
fee.

Accordingly, this case is **TRANSFERRED** to the United States District Court for the Northern District of Georgia for all further proceedings.  *See* 28 U.S.C. § 1404(a) (permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties and witnesses and in the interest of justice); *Rufus v. Kemp*, 2013 WL 2659983 at * 1 (S.D. Ga. June 12, 2013).

    **SO ORDERED,** this 11th day of August, 2022.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

3